**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY M. HAYES, AKA Henry M. Mitchell, | No. 13-17655 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00469-LJO-DLB |
| v. | MEMORANDUM* |
| R. BOLEN; M. SEIFERT, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 17, 2015**

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

California state prisoner Henry M. Hayes, aka Henry M. Mitchell, appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

alleging violation of the First Amendment relating to prison mail.  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of qualified immunity. *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001). We affirm in part, reverse in part, and remand.

The district court properly dismissed Hayes's First Amendment claim for damages on the basis of qualified immunity because Hayes did not have a clearly established right to receive mail weighing more than prison regulations permitted. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (defendant is entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right); *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (citation and internal quotation marks omitted)).

In addition to his claim for damages, Hayes pleaded claims for injunctive and declaratory relief. Qualified immunity does not preclude such prospective relief. *See Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989) ("Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief."). Moreover, on the record before the district court, it is not clear whether the prospective relief sought by Hayes would be moot. *See Nelson*, 271 F.3d at 897. Should the district court

determine that Hayes's First Amendment rights were violated and that his claims for prospective relief are not moot, it may grant injunctive or declaratory relief. Accordingly, we reverse the district court's order dismissing Hayes's action under § 1983 to the extent he sought prospective relief, and remand for further proceedings.

We reject Hayes's contentions concerning the district court's jurisdiction.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**